UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PAUL SANS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 9-403-B-W |
| | ) |
| CORRECTIONS, MAINE DEPT. OF, | ) |
| et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION**

Paul Sans filed a complaint pursuant to 42 U.S.C. § 1983 and sought leave to proceed in forma pauperis but his application was incomplete in that he had not completed the application nor has he signed it under penalty of perjury. See 28 U.S.C. § 1915(a)(2) ("A prisoner seeking to bring a civil action ... without prepayment of fees or security therefore, in addition to filing the affidavit...shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint ... obtained from the appropriate official of each prison at which [he] is or was confined".)  On August 31, 2009, I directed the Clerk to forward a form application to Sans and ordered Sans to file an amended application to proceed in forma pauperis, or pay the filing fee of $350, no later than September 21, 2009, failing which, I warned, I would issue a recommendation that the matter be dismissed for lack of prosecution.  Sans has not filed an amended application or paid the filing fee and I now recommend that the Court dismiss this action without prejudice for lack of prosecution.

I add that if Sans had complied with the filing fee requirement and this claim was before me for 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening I would recommend dismissing this complaint with prejudice because it fails to state a cognizable 42 U.S.C. § 1983 claim.  In his "Motion for Complaint" Sans alleges that mailroom employees of the Maine State Prison violated his right to access to the courts when his legal correspondence was opened outside of Sans's presence on August 12, 2009.  Apparently this was outgoing mail intended for Sans's public defender in New Hampshire.  Sans explains that he had complied with the requirements for demonstrating indigency but the correspondence was returned to him through the general mail delivery, with an indication that postage was due,  having been opened outside his presence like non-legal correspondence.  Sans insists that he does not need to demonstrate prejudice on his denial of access to court claim.  He is incorrect on this score; per his own allegations his claim "fall[s] comfortably within the range in which the court can and should require the prisoner to show an actual injury as a prerequisite to recovery."  Sowell v. Vose. 941 F.2d 32, 34 (1st Cir. 1991); see also Christopher v. Harbury, 536 U.S. 403, 413-14 (2002).  And certainly, without the showing of prejudice, a single "inadvertent opening of legal mail cannot be actionable under § 1983." Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997).  I also note as to Sans's claims against the Department of Corrections and the Maine State Prison, that these entities are shielded by sovereign immunity.  See Poirier v. Mass. Dept. of Corr., 558 F.3d 92, 97 (1st Cir. 2009) ("States and their agencies are entitled to sovereign immunity "regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14  (1985).")

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

September 22, 2009